Russell S. Thompson, IV (Cal. Bar No. 325944)
Thompson Consumer Law Group, PC
11445 E Via Linda, Ste. 2 #492
Scottsdale, AZ 85259
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@ThompsonConsumerLaw.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mohammad Rana, | Case No. **'21CV1826 GPC BGS** |
| Plaintiff, | **COMPLAINT AND TRIAL BY JURY DEMAND** |
| vs. | |
| ARS National Services, Inc., | |
| Defendant. | |

## NATURE OF ACTION

1. Plaintiff Mohammad Rana brings this action against Defendant ARS National Services, Inc. pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 *et seq.*

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

First Amended Complaint - 1

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, and where Defendant resides and transacts business in this district.

## PARTIES

4. Plaintiff is a natural person.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff as defined by 15 U.S.C. § 1692a(5), and a "consumer debt" as defined by Cal. Civ. Code § 1788.2(f).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person allegedly obligated to pay a debt.

9. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal credit account (the "Debt").

10. In or around October 2020, Plaintiff retained legal counsel for representation in connection with resolving Plaintiff's alleged debts.

11. Such debts included the Debt.

12. After obtaining a copy of one of his consumer reports, Plaintiff discovered Defendant adversely reporting the Debt.

13. On October 15, 2020, Plaintiff's counsel sent written correspondence to Defendant.

14. The October 15, 2020 letter advised Defendant that Plaintiff was represented by counsel with respect to all debts he was alleged to owe.

15. The October 15, 2020 letter also provided Plaintiff's name, address, social security number, date of birth, and an account number for one of his alleged debts.

16. The October 15, 2020 letter further told Defendant to direct all communication related to Plaintiff to his counsel.

17. Defendant received and signed for the October 15, 2020 letter on October 26, 2020 at 8:13 am.

18. In connection with the collection of the Debt, Defendant sent written correspondence dated October 27, 2020 directly to Plaintiff.

19. At the time it sent the October 27, 2020 letter, Defendant knew Plaintiff was represented by an attorney with respect to the Debt.

20. At the time it sent the October 27, 2020 letter, Defendant had knowledge of, or could readily ascertain, Plaintiff's attorney's name and address.

21. At no time prior to Defendant sending the October 27, 2020 letter did Plaintiff's attorney fail to respond within a reasonable period of time to a communication from Defendant.

22. At no time did Plaintiff's attorney consent to direct communication with Plaintiff.

23. At no time did Plaintiff provide Defendant with consent for direct communication with him regarding the Debt.

24. Defendant did not have the express permission of a court of competent jurisdiction to send Plaintiff the October 27, 2020 letter.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692c(a)(2)

25. Plaintiff repeats and re-alleges each factual allegation contained above.

26. Defendant violated 15 U.S.C. § 1692c(a)(2) by directly communicating with Plaintiff with respect to the Debt despite knowledge of Plaintiff's representation by counsel.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1692c(a)(2);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

    e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

    f) Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF CAL. CIV. CODE § 1788.14(c)

27. Plaintiff repeats and re-alleges each factual allegation contained above.

28. Defendant violated Cal. Civ. Code § 1788.14(c) by initiating communications with Plaintiff with regard to the Debt when it had been previously notified in writing by Plaintiff's attorney that he is represented by such attorney with respect to the Debt and such notice included the attorney's name and address, and a request by such attorney that all communications regarding the Debt be addressed to such attorney.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated Cal. Civ. Code § 1788.14;

  b) Awarding Plaintiff statutory damages, pursuant to Cal. Civ. Code § 1788.30(b), in the amount of $1,000.00;

  c) Awarding Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

  d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to Cal. Civ. Code § 1788.30(c);

  e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

  f) Awarding such other and further relief as the Court may deem proper.

## COUNT III
## VIOLATION OF CAL. CIV. CODE § 1788.17

29. Plaintiff repeats and re-alleges each factual allegation above.

30. Defendant violated Cal. Civ. Code § 1788.17 by failing to comply with the provisions of Sections 1692b to 1692j, inclusive, of Title 15 of the United States Code.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

  a) Adjudging that Defendant violated Cal. Civ. Code § 1788.17;

  b) Awarding Plaintiff statutory damages, pursuant to Cal. Civ. Code § 1788.30(b), in the amount of $1,000.00;

c) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

d) Awarding Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a) and 15 U.S.C. § 1692k(a)(1);

e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to Cal. Civ. Code § 1788.30(c) and 15 U.S.C. § 1692k(a)(3);

f) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

g) Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

31. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: October 27, 2021

Respectfully submitted,

/s/ Russell S. Thompson, IV
Russell S. Thompson, IV (Cal. Bar No. 325944)
Thompson Consumer Law Group, PC
11445 E Via Linda, Ste. 2 #492
Scottsdale, AZ 85259
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@ThompsonConsumerLaw.com
Attorneys for Plaintiff